1  Christopher R. Mosley (SBN: 154422)
   *cmosley@foleyhoag.com*
2  FOLEY HOAG LLP
   4643 South Ulster Street
3  Suite 970
   Denver, Colorado 80237
4  Tel: (720) 782-5075
   Fax: (617) 832-7000
5

6  August T. Horvath
   (*pro hac vice* motion forthcoming)
   *ahorvath@foleyhoag.com*
7  FOLEY HOAG LLP
   1301 Sixth Avenue, 25th Floor
8  New York, New York 10019
   Tel: (212) 812-0400
9  Fax: (212) 812-0399

10  *Attorneys for CJ CHEILJEDANG CORPORATION*

11                **UNITED STATES DISTRICT COURT**
                  **CENTRAL DISTRICT OF CALIFORNIA**
12

13

14  JUDY OH,

    Plaintiff,                 Case No. 2:24-cv-7685
15
    v.                         State Court Case No. 24STCV19474
16
    CJ CHEILJEDANG CORPORATION, a    **DEFENDANT CJ CHEILJEDANG**
17  Republic of Korea entity,        **CORPORATION'S NOTICE OF**
                                     **REMOVAL OF ACTION**
18          Defendant.                **PURSUANT TO 28 U.S.C. § 1332(d)**

19     **PLEASE TAKE NOTICE** that Defendant CJ CheilJedang Corporation

20  hereby removes this action from the Superior Court of the State of California for the

21

County of Los Angeles to the United States District Court for the Central District of California. CJ CheilJedang Corporation is entitled to remove this action to federal district court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 based on the following:

## State Court Action

1. On August 5, 2024, plaintiff Judy Oh commenced this action in the Superior Court of the State of California in and for the County of Los Angeles, captioned *Judy Oh v. CJ CHEILJEDANG CORPORATION*, Case No. 24STCV19474 (the "State Court Action"). A true and correct copy of the complaint in the State Court Action is attached hereto as **Exhibit 1** (the "Complaint"). Ms. Oh served the Complaint on CJ CheilJedang Corporation no earlier than August 14, 2024.

2. In addition to the pleadings and filings mentioned above, all other pleadings, processes, and orders served upon or received by CJ CheilJedang Corporation in the State Court Action or found on the docket in that action are attached hereto.

    a. The Complaint is attached hereto as **Exhibit 1**;

    b. The Civil Case Cover Sheet is attached hereto as **Exhibit 2**;

    c. The Summons is attached hereto as **Exhibit 3**;

    d. The Notice of Case Assignment is attached hereto as **Exhibit 4**;

    e. Notice of Case Management Conference is attached hereto as

1           **Exhibit 5**;

2       f.  Preemptory Challenge to Judicial Officer is attached hereto as

3           **Exhibit 6**;

4       g.  Minute Order Granting Challenge to Judicial Officer is attached

5           hereto as **Exhibit 7**;

6       h.  Notice of Case Management Conference is attached hereto as

7           **Exhibit 8**; and

8   3.  The State Court Action is removable to this Court because the Court

9   has original jurisdiction under 28 U.S.C. § 1332(a)(1), and the Central District of

10  California encompasses the location in which the State Court Action is currently

11  pending (*i.e.*, Los Angeles, California). *See* 28 U.S.C. § 84 (setting Los Angeles

12  County in the Central District); *id.* § 1441(a) ("[A]ny civil action brought in a State

13  court of which the district courts of the United States have original jurisdiction, may

14  be removed by the defendant. . . to the district court of the United States for the

15  district and division embracing the place where such action is pending.").

**The State Court Action is Removable Under Diversity Jurisdiction,**

**28 U.S.C. § 1332(a)(1)**

18  4.  This Court has original jurisdiction under 28 U.S.C. § 1332(a)(1)

19  because the parties are citizens of different states and the amount in controversy

20  exceeds $75,000.

21

### *The Parties are Citizens of a State and of a Foreign State*

5. An action is removable based on diversity jurisdiction if the controversy is between "citizens of a State and citizens or subjects of a foreign state."

6. Ms. Oh was a citizen and resident of California at the time the Complaint was filed in the State Court Action and remains a citizen of California. (Comp. ¶ 4.)

7. CJ CheilJedang Corporation is a corporation organized under the laws of the Republic of Korea ("South Korea") and has its principal place of business in Seoul, South Korea. CJ CheilJedang Corporation is thus a citizen of a foreign state, South Korea, and not a citizen of California for purposes of determining diversity.

8. Because no defendant is a citizen of the same state as a plaintiff, complete diversity of citizenship exists between the parties in this case.

### *The Amount in Controversy Exceeds $75,000*

9. Where, as here, the "the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014). To establish the amount in controversy, a notice of removal "need not contain evidentiary submissions." *Id.* Rather, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89.

10. For purposes of removal only, and without conceding Ms. Oh is entitled to any damages, remedies, or penalties whatsoever, the aggregated claims, as pleaded in the Complaint, exceed the jurisdictional amount of $75,000 exclusive of interest and costs. *See* 28 U.S.C. § 1332(a); *see also Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018) ("the amount in controversy is the 'amount at stake in the underlying litigation'") (citation omitted); *Woods v. CVS Pharmacy, Inc.*, No. CV 14-0259 PA (RZx), 2014 U.S. Dist. LEXIS 13339, at *5 (C.D. Cal. Jan. 30, 2014) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe.") (citation omitted). At least $75,000 is at stake in this litigation as independently established through the following elements:

    a. *Cost of Injunctive Relief: > $75,000*. Ms. Oh seeks injunctive relief, specifically requiring CJ CheilJedang Corporation to "add a conspicuous 'fill line' to the front of the Product's packaging sold in California;" (Compl. at p. 9 (Prayer for Relief).) The "costs of complying with an injunction" are considered in calculating the amount in controversy. *Fritsch*, 899 F.3d at 793; *see Pagel v. Dairy Farmers of Am., Inc.*, 986 F. Supp. 2d 1151, 1158 (C.D. Cal. 2013); 28 U.S.C. § 1446(c)(2)(A)(i) (allowing "the notice of removal to assert the amount in controversy if the initial pleading seeks nonmonetary relief"). Adding a fill line to the CJ CheilJedang Corporation packaging is a complicated and time-consuming

1 task, and CJ CheilJedang Corporation in no way concedes that such relief is justified

2 or appropriate. Adding a fill line to the packaging of the products here would require

3 CJ CheilJedang Corporation —at the very least—to design and print fill-line

4 stickers, and hire one or more additional full-time employees to individually assess

5 each package, and manually place the sticker. The costs to CJ CheilJedang

6 Corporation of complying with Ms. Oh's requested injunctive relief alone will thus

7 exceed $75,000.

8        b. *Attorney's Fees: > $75,000.* The Complaint also seeks attorneys' fees.

9 (Compl. at p. 10 (Prayer for Relief).) In the Ninth Circuit, the amount in controversy

10 includes future attorneys' fees. *See Fritsch*, 899 F.3d at 794 ("a court must include

11 future attorneys' fees recoverable by statute or contract when assessing whether the

12 amount-in-controversy requirement is met"). Under the CLRA, "[t]he court shall

13 award court costs and attorney's fees to a prevailing plaintiff in litigation." Cal. Civ.

14 Code § 1780(e); *see Kaupelis v. Harbor Freight Tools USA Inc.,* No. SACV 19-1203

15 JVS (DFMx)), 2022 U.S. Dist. LEXIS 114026, at *22-23 (C.D. Cal. Jan. 12, 2022)

16 (recognizing that a "prevailing plaintiff" receives attorneys' fees under § 1780(e) "as

17 a matter of right"). A removing defendant can establish the likely attorneys' fees for

18 purposes of determining the amount in controversy by identifying cases in which the

19 plaintiff's counsel has requested similar fees. *See Greene v. Harley- Davidson, Inc.*,

20 965 F.3d 767, 774 n.4 (9th Cir. 2020). Ms. Oh's attorneys sought attorneys' fees in

21

an individual action under California statutes at an hourly rate of $750 in 2018. *Martin v. ServiceMaster Co., LLC,* No. CV 18-5001-R, 2018 U.S. Dist. LEXIS 147538, at *3-4 (C.D. Cal. Aug. 28, 2018) (using the hourly rate to determine amount in controversy met); *see also Kissel v. Code 42 Software Inc.,* No. 8:15-cv-01936-JLS-KES, 2018 U.S. Dist. LEXIS 221591, at *15-16 (C.D. Cal. Feb. 20, 2018) (awarding fees in a CLRA class action at an hourly rate of $750). Ms. Oh's attorney would likely seek such an award here; and to obtain at least **$75,000** in fees he need bill only about 100 hours. This litigation, should it proceed past the pleadings stage, would include the retention of experts to opine on the slack fill and prepare reports setting forth their conclusions. Additionally, those experts would need to be deposed. Expert discovery and motion practice will easily require Ms. Oh's counsel to expend more than 100 hours on this case. Her counsel would also be required to respond to CJ CheilJedang Corporation's discovery, defend Plaintiff's deposition, and take company depositions. Such actions would certainly entail an additional 100 hours.

11. Ms. Oh's pleaded assertions and theories of recovery establish the amount in controversy exceeds $75,000 as either the injunctive relief or attorneys' fees alone will exceed $75,000.

12. Ms. Oh cannot avoid removal by merely stating that she "does not seek in excess of $75,000 in damages" and asserting that the "minor injunctive relief

requested. . . can be accomplished for less than $25,000" (Compl. ¶ 48), because this is neither a legally binding stipulation nor an express limitation. *See Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595–96 (2013) (explaining an individual plaintiff may avoid removal by executing a "*binding* affidavit or stipulation that the plaintiff will continue to claim less than the jurisdictional amount"). Ms. Oh cannot control the cost to CJ CheilJedang Corporation of compliance with her requested injunctive relief. *See Rodriguez v. Foot Locker Corp. Servs.,* No. CV 20-8536-MWF (KSx), 2020 U.S. Dist. LEXIS 218106, at *6 (C.D. Cal. Nov. 20, 2020) (finding "nonmonetary relief alone exceeds $75,000" despite plaintiff "limit[ing] damages to a total of $34,999.00 in statutory damages and $15,000.00 in costs for complying with injunctive relief"). As explained above, there is nothing "minor" about Ms. Oh's requested injunctive relief. Removal is proper where, as here, CJ CheilJedang Corporation provides "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 574 U.S. at 89.

**CJ CheilJedang Corporation Satisfies the Requirements of 28 U.S.C. § 1446**

13. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1446(a).

14. This Notice of Removal has been filed within 30 days of August 14, 2024, the earliest date that CJ CheilJedang Corporation ascertains it was first served and from which it was first ascertainable this case was removable. *See* 28 U.S.C. §

1446(b)(2)(3).

15. Concurrently with the filing of this Notice, CJ CheilJedang Corporation is giving written notice to all adverse parties and is filing a copy of this Notice with the clerk of the Superior Court of the State of California in and for the County of Los Angeles. *See* 28 U.S.C. § 1446(d).

16. CJ CheilJedang Corporation does not waive and expressly reserves all objections, defenses, and exceptions authorized by law, including but not limited to those pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**WHEREFORE**, CJ CheilJedang Corporation removes the State Court Action to this Court.

Dated: September 9, 2024

**FOLEY HOAG LLP**

/s/ Christopher R. Mosley
Christopher R. Mosley (SBN: 154422)
4643 South Ulster Street
Suite 970
Denver, CO 80237
Tel: (720) 782-5075
cmosley@foleyhoag.com

August T. Horvath
(*pro hac vice* motion forthcoming)
1301 Avenue of the Americas
25th Floor
New York, NY 10019
Tel: (212) 812-0400
ahorvath@foleyhoag.com

*Attorneys for CJ CHEILJEDANG CORPORATION*

## **CERTIFICATE OF SERVICE**

I, Christopher R. Mosley, hereby certify that on September 9, 2024, I caused the foregoing document to be electronically filed with the Clerk of the Court for the United States District Court, Central District of California, by using the CM/ECF system and electronically served to all counsel of record. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: September 9, 2024   */s/ Christopher Mosely*
Christopher R. Mosley